Mediaport Entertainment v. Business Software Alliance                                                                                                Doc. 1

MEL S. MARTIN, P.C.
Mel S. Martin (Bar No. 2102)
Russell D. Harris (Bar No. 6563)
Attorneys for Petitioner
5282 South Commerce Drive, #D292
Murray, Utah 84107
Telephone: (801) 263-1493

FILED
U.S. DISTRICT COURT

2005 DEC -5  P 4: 10

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MEDIAPORT ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BUSINESS SOFTWARE ALLIANCE,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGEMENT**<br><br>Judge Dale A. Kimball<br>DECK TYPE: Civil<br>DATE STAMP: 12/05/2005 @ 16:09:57<br>CASE NUMBER: 2:05CV01009 DAK |

Plaintiff Mediaport Entertainment, Inc. ("Mediaport") states:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions at issue occurred within this judicial district.

### PARTIES

3. Mediaport is a Delaware corporation with its principal place of business in Salt Lake County, Utah.

Dockets.Justia.com

4. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Business Software Alliance ("BSA") maintains its United States offices in Washington, D.C. And the BSA is the only person authorized by certain copyright holders to pursue claims for copyright infringement actions for certain software, including Microsoft® Windows® Server 2003 Enterprise with 25 Client Access Licenses ("Enterprise Software") and Microsoft® Visual Studio®.NET Enterprise Architect software ("Visual Studio® Software").

## CAUSE OF ACTION- DECLARATORY JUDGMENT

5. Mediaport purchased and used Enterprise Software and Visual Studio® Software.

6. In June 2005, BSA contacted Mediaport and claimed that it had been informed that Mediaport had installed on its computer and was using unlicensed software . (Exhibit A).

7. BSA demanded that Mediaport cooperate in an audit of the software on its computers. Mediaport participated in BSA's audit.

8. After the audit, BSA claimed that Mediaport had no license for the Enterprise and Visual Studio® Software installed on its computers. BSA claimed that Mediaport's use infringed upon the copyrights of the Enterprise and the Virtual Studio® software. And BSA demanded Mediaport comply with certain terms to avoid being sued by BSA. Exhibit B.

9. By reason of BSA's claim for copyright infringement, Mediaport is not certain as to its rights with respect to the Enterprise and Visual Studio® software unless this action is resolved by this Court.

10. This action is brought under the provisions of 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

**PRAYER**

Mediaport prays for the following relief:

1. That this Court adjudge that Mediaport's use of the Enterprise Software and the Virtual Studio® Software does not infringe any copyright of BSA;

2. That BSA be enjoined and restrained from instituting any action against Mediaport for copyright infringement;

3. That BSA pay Mediaport's costs and expenses of this action, together with a reasonable attorney fee; and

4. Such other and further relief as the Court made deem just and proper.

Dated this 2nd day of December, 2005.

MEL S. MARTIN, P.C.

_____
Mel S. Martin
Russell D. Harris
Attorneys for Defendant

plaintiff's address:

336 West 700 South
Salt Lake City, UT 84101

3

Exhibit A

LAW OFFICES OF
# DONAHUE GALLAGHER WOODS
LLP
FOUNDED 1918

| MARIN OFFICE | | WALNUT CREEK OFFICE |
|---|---|---|
| 591 REDWOOD HIGHWAY | 300 LAKESIDE DRIVE | 1646 NORTH CALIFORNIA BOULEVARD |
| SUITE 1200 | SUITE 1900 | SUITE 310 |
| MILL VALLEY, CALIFORNIA 94941 | OAKLAND, CALIFORNIA 94612 | WALNUT CREEK, CALIFORNIA 94596 |
| TELEPHONE | TELEPHONE | TELEPHONE |
| (415) 381-4161 | (510) 451-0544 | (925) 746-7770 |
| FACSIMILE | FACSIMILE | FACSIMILE |
| (415) 381-7515 | (510) 832-1486 | (925) 746-7776 |

STEPHEN C. GUSTAVSON
stephen@donahue.com

www.donahue.com

June 30, 2005

**VIA FEDERAL EXPRESS**

Ms. Helen Seltzer
Mediaport Entertainment, Inc.
336 West 700 South
Salt Lake City, Utah 84101

    Re: <u>Business Software Alliance - Mediaport Entertainment, Inc.</u>

Dear Ms. Seltzer:

    This firm represents the Business Software Alliance (the "BSA") in connection with its investigation of possible instances of illegal duplication of certain software companies' proprietary software products. The BSA represents the interests of Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems, Inc., Borland Software Corporation, CNC Software, Inc., Internet Security Systems, Inc., Macromedia, Inc., McAfee, Inc., Microsoft Corporation, Parametric Technology Corporation, SolidWorks Corporation, Sybase, Inc., Symantec Corporation, UGS Corporation, and VERITAS Software Corporation. Through the BSA, these companies work to ensure that organizations are using those computer software products in compliance with federal copyright laws.

    We recently have been advised that Mediaport Entertainment, Inc. ("Mediaport") has installed on its computers more copies of Microsoft® MSDN Operating Systems software, Microsoft® SQL Server software, Microsoft® Terminal Server software, Microsoft® Windows® XP Pro software, Symantec® Ghost software and Symantec® Norton AntiVirus® software than it is licensed to use.

    Unauthorized duplication of computer software products constitutes copyright infringement. The Copyright Act (17 U.S.C. § 101 *et seq.*) provides that copyright owners may recover actual damages for infringement based upon the number of copies produced, or they may recover statutory damages. Statutory damages can reach $150,000 for each copyrighted product that has been infringed in cases where the infringement was willful. The copyright owner can also seek its attorneys fees.

Ms. Helen Seltzer
June 30, 2005
Page 2

The BSA has determined that litigation may not be necessary in this case, especially as senior management may not have had an opportunity to investigate or consider the ramifications of using unlicensed software. The BSA instead wishes to resolve this matter amicably by providing Mediaport with an opportunity to conduct its own company-wide investigation. To take advantage of this opportunity, Mediaport's investigation must include an audit of all of the software published by the BSA members (*see above*) on all of Mediaport's computers and a review of the software licenses and proofs of purchase for those licenses.

Please understand that while the BSA is contacting you in an effort to avoid litigation, it is not waiving its right to litigate to protect its members' copyrights if this effort is not successful. If formal action is to be avoided, we must insist that you contact us by July 11, 2005. At that time we will provide you with specific guidance on how to conduct your audit.

In the meantime, <u>please do not destroy any copies of any of the computer software products published by the above-mentioned companies that are currently installed on Mediaport's computers</u>. The software programs installed on Mediaport's computers are evidence and therefore must be preserved in case this matter does proceed to litigation. Also, please be advised that the legal departments of the above-mentioned companies have specifically approved the BSA's pursuit of this matter on their behalf and the <u>BSA is the only party authorized to resolve it</u>. You should not attempt to enter into any negotiations with sales representatives of these companies to purchase computer software products prior to the resolution of this matter. Purchasing or deleting software at this point will not remedy past unauthorized installation or use, will not conclude our investigation, and may prejudice our ability to reach a mutually satisfactory resolution of this matter.

We look forward to your cooperation.

Very truly yours,

Stephen C. Gustavson

SCG:kl

Exhibit B

LAW OFFICES OF

# DONAHUE GALLAGHER WOODS

## LLP

FOUNDED 1918

300 LAKESIDE DRIVE
SUITE 1900
OAKLAND, CALIFORNIA 94612

TELEPHONE
(510) 451-0544

FACSIMILE
(510) 832-1486

MARIN OFFICE
591 REDWOOD HIGHWAY
SUITE 1200
MILL VALLEY, CALIFORNIA 94941

TELEPHONE
(415) 381-4161

FACSIMILE
(415) 381-7515

STEPHEN C. GUSTAVSON
stephen@donahue.com

WALNUT CREEK OFFICE
1646 NORTH CALIFORNIA BOULEVARD
SUITE 310
WALNUT CREEK, CALIFORNIA 94596

TELEPHONE
(925) 746-7770

FACSIMILE
(925) 746-7776

www.donahue.com

September 29, 2005

**VIA FEDERAL EXPRESS**

Mr. Trevor Suelzle, CFO
Mediaport Entertainment, Inc.
336 West 700 South
Salt Lake City, Utah 84101

Re: Business Software Alliance – Mediaport Entertainment, Inc.

Dear Mr. Suelzle:

We have reviewed the materials relating to software installations at Mediaport Entertainment, Inc. ("Mediaport") which were forwarded to me. The Business Software Alliance (the "BSA") appreciates Mediaport's cooperation in this matter and will not, at this time, require further audit information.

As we have discussed, unauthorized duplication of computer software products constitutes copyright infringement. Under the Copyright Act, the nonwillful damages per work infringed can reach $30,000, and where willfulness is found damages can reach $150,000 per work infringed.

However, in this instance my client believes that it is in the best interest of all parties to resolve this matter short of litigation. In most cases, in order to approximate statutory damages that would be recoverable in litigation, the BSA will seek for settlement an amount equal to several times the full retail value of all unauthorized copies of software products published by the software companies whose interests are represented by the BSA (the "Computer Software Products") installed on the company's computers. In this case, however, the BSA recognizes and appreciates the cooperation and willingness to comply with the BSA's investigation that Mediaport has exhibited. Accordingly, I have been authorized to extend a settlement offer on the following terms, which will be documented in a Settlement Agreement that I will provide to you:

1. Mediaport will destroy all copies of the Computer Software Products installed on its computers for which Mediaport does not have a license and will purchase a sufficient number of licenses for each Computer Software Product it requires from the vendor of its choice.

2. Mediaport will certify, through one of its corporate officers, that (a) the software inventory report(s) provided during the negotiation of this settlement is true and accurate and

Mr. Trevor Suelzle
September 29, 2005
Page 2

contains a complete and accurate list of all copies of all Computer Software Products installed on its computers as of June 30, 2005; (b) all Computer Software Products installed on Mediaport's computers for which it does not have a license have been destroyed; (c) a sufficient number of licenses for the remaining Computer Software Products have been purchased to ensure legal use; and (d) only licensed copies of the Computer Software Products are now and will in the future be installed on Mediaport's computers. Documentation of compliance with these provisions will be provided along with the certificate described above.

     3. Mediaport will agree to execute a Software Code of Ethics and to circulate it to all employees and affiliated companies.

     4. Mediaport will agree to permit the BSA to conduct two inspections per year for three years, of Mediaport's computers to confirm the absence of copyright infringement. The inspections will be at the BSA's option and expense absent any discovery of infringement, and at Mediaport's expense if infringement is found as to any Computer Software Product.

     5. Mediaport will make a payment to the BSA in the amount of $12,996 which is equivalent to two times the retail price of all unauthorized copies of the Computer Software Products installed on Mediaport's computers. This payment is to resolve Mediaport's potential liability for copyright infringement and is in addition to any costs incurred by Mediaport in complying with item 1 above.

     6. Mediaport will agree to absorb the BSA's attorney's fees and costs in the amount of $3,500. If this matter is not resolved expeditiously, this amount will likely increase.

     7. The BSA, acting on behalf of the software companies it represents, will forego the filing of any lawsuit against Mediaport and will release Mediaport from any liability related to past infringement of the copyrights in the software products listed below due to Mediaport's use and/or installation of copies of those products on Mediaport's computers.

Based on the foregoing, the total settlement amount proposed is calculated as follows:

| PRODUCT | NO. OF UNAUTHORIZED COPIES | RETAIL PRICE | TOTAL |
|---|---|---|---|
| Microsoft® Windows® Server 2003 Enterprise with 25 Client Access Licenses | 1 | $3,999.00 | $3,999.00 |
| Microsoft® Visual Studio®.NET Enterprise Architect | 1 | $2,499.00 | $2,499.00 |
| | | Subtotal | $6,498.00 |
| | | x 2 | $12,996.00 |
| | | Attorney's Fees | $3,500.00 |
| | | Total | $16,496.00 |

Mr. Trevor Suelzle
September 29, 2005
Page 3

Please note that the BSA is making a significant concession in using the bundled price of the Microsoft® Visual Studio®.NET Enterprise Architect software. This bundle is comprised of ten separate components, each of which has its own copyright and its own price. If we were to use the BSA's normal calculation for these products, the base retail price for this software would be $17,180 rather than $2,499.

In light of your potential exposure, we believe that this settlement offer is fair and reasonable. Please note, however, that this offer is made with the assumption that this case will settle quickly. If it does not, costs will only increase and the potential for a non-litigation resolution will decrease. The software companies whose interests are represented by the BSA remain prepared to pursue all of their legal rights, if necessary.

We would appreciate receiving your response at your earliest convenience. If you have any questions, please call.

Very truly yours,

Stephen C. Gustavson

SCG:kll

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mediaport Entertainment, Inc.

**(b)** County of Residence of First Listed Plaintiff: Salt Lake, UT
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mel S. Martin, P.C., 5282 South Commerce Drive #D292 Murray, UT 84107 (801)263-1493

## DEFENDANTS
Business Software Alliance

FILED
U.S. DISTRICT COURT

County of Residence of First Listed Defendant: Washington D.C.
(IN U.S. PLAINTIFF CASES ONLY)

2005 DEC -5 P 4:10

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DISTRICT OF UTAH

Attorneys (If Known)

BY: _____
DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

*PERSONAL INJURY*
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  *Habeas Corpus:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 101 et seq.
Brief description of cause:
declaratory judgment in a copyright infringement case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 12-2-05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

Judge Dale A. Kimball
DECK TYPE: Civil
DATE STAMP: 12/05/2005 @ 16:09:57
CASE NUMBER: 2:05CV01009 DAK